UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORMAN GOTCHER, JR., ) | Case No. 04-02417-TSZ-JPD |
| Plaintiff, ) | |
| ) | ORDER GRANTING EXTENSION OF |
| v. ) | DISCOVERY DEADLINE |
| ) | |
| KEN RAY et al., ) | |
| Defendants. ) | |

This matter comes before the Court upon plaintiff's motion to extend the discovery deadline for the above-captioned matter. Dkt. No. 65. Plaintiff argues that he is entitled to an extension because he has had difficulty preparing and sending interrogatories. Dkt. No. 65. Defendants have filed a motion "strongly" opposing plaintiff's motion and argue that plaintiff has failed to demonstrate good cause for an extension. Dkt. No. 68. Having reviewed the parties' papers and the balance of the record, the Court ORDERS as follows:

(1)   Plaintiff's motion for extension of time, Dkt. No. 65, is GRANTED.

Federal Rule of Civil Procedure 16(b) provides for the modification of a scheduling order upon a "showing of good cause" by the moving party. Fed. R. Civ. P. 16(b). The Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, Advisory Committee Notes (1983 Amendment). Although the existence or degree of prejudice to the party opposing the

ORDER GRANTING EXTENSION OF DISCOVERY
DEADLINE
PAGE -1

01 modification, if any, can provide additional reasons to deny a motion, the focus of the inquiry is
02 upon the moving party's reasons for seeking modification.  *See Johnson v. Mammoth*
03 *Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations omitted).  If the moving
04 party was not diligent, the inquiry should end.  *Id.*

05       Plaintiff has demonstrated good cause here.  Plaintiff's motion indicates that he has had
06 difficulties preparing for trial because of limited prison resources.  Dkt. No. 65.  Specifically,
07 he has indicated that photocopying materials for his case has taken longer than expected
08 because prison library personnel have been obstructing his use of library facilities.  Dkt. No. 65.
09 Plaintiff filed at least one grievance against prison library personnel in connection with these
10 allegations.  Dkt. No. 65, Plaintiff's Affidavit in Support.  The Court further notes that it has
11 already granted plaintiff an extension to discover additional names and that he has diligently
12 attempted to have met that deadline.  Dkt. No. 56.  These facts indicate plaintiff has diligently
13 attempted to conform to this Court's scheduling orders.

14       Defendants argue that the motion should not be granted because any delays plaintiff is
15 experiencing are "all of his own making."  Dkt. No. 68.  They also contend that plaintiff should
16 not be granted an extension of time because he is familiar with the Federal Rules and generally
17 understands the litigation process.  Dkt. No. 68.  Nevertheless, the focus of the Court's inquiry
18 is on the moving party's diligence in attempting to adhere to the Court's schedule.  Here, it
19 appears plaintiff has made his best efforts to do so.  Defendants have not demonstrated
20 otherwise, nor shown that they will be prejudiced.

21       Hence, plaintiff shall be granted an additional **seven (7) days** to complete discovery.
22 The discovery deadline shall be moved to **July 22, 2005.**  The Court advises plaintiff that **no**
23 **further extensions will be granted.**

24       (2)    The Clerk is directed to return to petitioner his original grievance forms, which
25 are presently filed as the attachment to his motion.  Dkt. No. 65.

26

(3) The Clerk is directed to send a copy of this Order to plaintiff, counsel for the defendants, and to the Honorable Thomas S. Zilly.

DATED this 21st day of June, 2005.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER GRANTING EXTENSION OF DISCOVERY
DEADLINE
PAGE -3