UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| NORMAN GOTCHER, JR., Plaintiff, v. KEN RAY et al., Defendants. | ) | Case No. 04-02417-TSZ-JPD ORDER RE: PLAINTIFF'S MOTION TO STRIKE DEPOSITION TESTIMONY |

This matter comes before the Court on plaintiff's motion to strike deposition testimony. Dkt. Nos. 48, 51.

On April 27, 2005, the defendants in this 42 U.S.C. § 1983 suit conducted a deposition of plaintiff at the Twin Rivers Correctional Facility in Monroe, Washington. Dkt. No. 57. Present at the deposition were plaintiff, defense counsel Timothy Blood, the court stenographer and a man later revealed to be Sergeant Darren Stewart of the King County Jail, one of several defendants in this case. *Id.* According to the plaintiff and undenied by the defendants, the plaintiff's deposition began without the disclosure of Mr. Stewart's identity. Additionally, according to the undisputed assertions of the plaintiff, counsel for defendants refused to respond to the plaintiff's repeated requests for the identity of the then-unidentified Mr. Stewart until the very end of the deposition. Dkt. Nos. 48, 51.

A portion of the transcript was filed by the defendant. It purports to show that Mr. Blood's questioning focused on who plaintiff believed was involved in the events giving rise to his suit. Dkt. No. 57. Plaintiff appears to testify that Mr. Stewart was directly involved with beating and pepper spraying him, and that he would be able to identify Mr. Stewart. *Id.* Plaintiff also testified that he did not recognize the man in the room and that he had never seen him before. *Id.* At the close of the deposition, Mr. Blood revealed that the man in the room was Mr. Stewart. *Id.*, p. 214.

Plaintiff also argues that the stenographer failed to identify herself, instead giving him a sticker. Based on these two issues, plaintiff requests the court to strike the deposition completely and to sanction defendant's counsel. Defendants do not deny the plaintiff's allegations but respond that the transcript included Mr. Stewart's name, that the deposition was properly conducted, and that they have the right to examine plaintiff's credibility. Dkt. No. 57.

Rule 30(b)(4) of the Federal Rules of Civil Procedure requires depositions to "*begin* with a statement on the record [by the officer administering the deposition] . . . that includes . . . (E) an identification of all persons present." Fed. R. Civ. P. 30(b)(4). (emphasis added). The plaintiff's affidavit indicates that the plaintiff made three requests to defense counsel that he identify the unidentified person in the room, and that counsel for defendant refused to do so until the end of the deposition. In addition, according to the plaintiff's affidavit, additional pressure was applied to force the deposition to continue over the plaintiff's efforts to identify the person at the deposition. According to the plaintiff, rather than identify the unidentified person, counsel for defendants stated that if the deposition did not proceed, "the Judge would not be happy." Dkt. No. 51 at p. 2. Defendants do not challenge these statements. Moreover, while they have the deposition transcript, the defendants have chosen not to file portions of the transcript that include the colloquy regarding the plaintiff's request for identification. Hence, the Court must conclude that the plaintiff's description of his

repeated requests and defense counsel's statement about the likely reaction of the dudge is accurate.

Defendants offer two defenses. First, they claim the printed transcript, which identifies the missing person, satisfies the requirements of Fed. R. Civ. P. 30 (b)(4). This argument is disingenuous. The rule speaks in terms of requirements at the beginning of the deposition, not when a transcript is prepared. Second, the defendants suggest that they have the right to test the plaintiff's ability to identify persons the plaintiff contends committed violent acts upon him and that no authority exists to grant the requested relief. The Court agrees that defendants are entitled to test the plaintiff's ability to identify alleged assailants. However, the Court disagrees that the defendants are entitled to ignore and violate the specific requirements of the Rules of Civil Procedure to do so. The defendants have and still retain a substantial number of ways to challenge the plaintiff's ability to identify assailants without the need to violate the rules.

Having reviewed the parties' pleadings and the available record, the Court ORDERS that the plaintiff's motion to strike be GRANTED in part. The Court concludes that the defendants' refusal to identify persons present in the deposition after repeated requests for identification, coupled with a statement that "the Judge would get mad," designed to pressure a *pro se* litigant that if the deposition did not proceed, is a violation of Fed. R. Civ. P. 30 (b)(4).[1]

The Court has wide discretion to manage discovery-related matters. *See, e.g.*, *Blackburn v. U.S.*, 100 F.3d 1426 (9th Cir. 1996); *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir.1988). Here there was no disclosure of all persons present at the deposition at the beginning of the deposition, despite plaintiff's requests. This violation does not require that the entire deposition be stricken as requested by plaintiff. Instead, the Court will order that page

---

[1]Plaintiff has also argued that the stenographer failed to identify herself in violation of Fed. R. Civ. P. 30(b)(4). However, he stated in his affidavit that in response to his request for identification that she gave him a sticker that included the identifying material. This constitutes compliance with the requirements of Rule 30 (b)(4).

214 of the deposition of Mr. Gotcher will be stricken and neither party will be able to use page 214 of this deposition or make reference to the appearance of Mr. Stewart at the deposition for any purpose in any subsequent proceedings in this case.

Plaintiff also seeks other sanctions, which request is denied. The Clerk is directed to send a copy of this Order to plaintiff, counsel for the defendants, and to the Honorable Thomas S. Zilly.

DATED this 21st day of June, 2005.

James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge